# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0670V

| | |
|---|---|
| SHARON LAULICHT, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 27, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Julianna Rose Kober, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION DISMISSING CASE[1]

On January 12, 2021, Sharon Laulicht filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving a pneumococcal conjugate vaccine on March 6, 2020. Petition at ¶¶ 2, 18; *see also* Exhibit 1 at ¶ 1, filed June 28, 2021, ECF 9-1 (Petitioner's sworn declaration[3]). However, after the evidence showed that Petitioner had not received a pneumococcal vaccine in 2020, she filed an amended petition alleging the vaccination had actually occurred earlier, on *April 30, 2019*. Amended Petition at ¶ 2, filed Dec. 20, 2023, ECF No. 33. She did not, however, provide

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] The declaration was signed under penalty of perjury as required by 28 U.S.C.A. § 1746. Exhibit 1.

an updated declaration or explain why she initially provided an incorrect date of vaccination.

I later noted substantial deficiencies in Petitioner's amended assertions. ECF No. 36. Petitioner did not seek treatment for or complain of right shoulder pain after her purported April 2019 vaccination until almost 15 months later. Exhibit 8 at 11-13. And at that July 28, 2020 visit, she reported pain that started about a year before, recalling that she had received some type of intramuscular injection *near* the time of pain onset. *Id.* at 11. This vague suggestion from Petitioner of a possible causal connection with a vaccination given three months earlier, expressed more than a year after onset, did not appear sufficient to support her claim.

Additionally, Petitioner was 72 years old at the time of vaccination, and suffered from osteoarthritis and pain in multiple locations such as her right knee. *See, e.g.,* Exhibit 2 at 28-31, 36, 40, 56, 60-61, 72; Exhibit 8 at 14-15, 23. Thus, I considered it likely that Petitioner's right shoulder pain was due to unrelated causes such as osteoarthritis and degenerative changes, as opposed to the vaccine she received several months before the onset of her symptoms.

I therefore ordered Petitioner to show cause why the claim should not be dismissed. But Petitioner has not responded, or filed any additional evidence that would resolve these factual deficiencies, or even establish legitimately-disputed fact questions.

## Applicable Legal Standards

Under Section 13(a)(1)(A) of the Act, a petitioner must demonstrate, by a preponderance of the evidence, that all requirements for a petition set forth in section 11(c)(1) have been satisfied. A petitioner may prevail on her claim if the vaccinee for whom she seeks compensation has "sustained, or endured the significant aggravation of any illness, disability, injury, or condition" set forth in the Vaccine Injury Table (the Table). Section 11(c)(1)(C)(i). According to the most recent version of the Table, a SIRVA is compensable if it manifests within 48 hours of the administration of an influenza vaccine. 42 C.F.R. § 100.3(a)(XIV)(B). The specific criteria establishing a SIRVA are as follows:

> *Shoulder injury related to vaccine administration (SIRVA).* SIRVA manifests as shoulder pain and limited range of motion occurring after the administration of a vaccine intended for intramuscular administration in the upper arm. These symptoms are thought to occur as a result of unintended injection of vaccine antigen or trauma from the needle into and around the underlying bursa of the shoulder resulting in an inflammatory reaction. SIRVA is caused by an injury to the musculoskeletal structures of the

> shoulder (e.g. tendons, ligaments, bursae, etc). SIRVA is not a neurological injury and abnormalities on neurological examination or nerve conduction studies (NCS) and/or electromyographic (EMG) studies would not support SIRVA as a diagnosis (even if the condition causing the neurological abnormality is not known). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:
>
> (i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;
>
> (ii) Pain occurs within the specified time frame;
>
> (iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and
>
> (iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10) (additional requirements set forth in the *Qualifications and Aids to Interpretations* ("QAI")). If a petitioner establishes that the vaccinee has suffered a "Table Injury," causation is presumed.

If, however, the vaccinee suffered an injury that either is not listed in the Table or did not occur within the prescribed time frame, petitioner must prove that the administered vaccine caused injury to receive Program compensation on behalf of the vaccinee. Section 11(c)(1)(C)(ii) and (iii). In such circumstances, petitioner asserts a "non-Table or [an] off-Table" claim and to prevail, petitioner must prove her claim by preponderant evidence. Section 13(a)(1)(A). This standard is "one of . . . simple preponderance, or 'more probable than not' causation." *Althen*, 418 F.3d at 1279-80 (referencing *Hellebrand v. Sec'y of Health & Hum. Servs.*, 999 F.2d 1565, 1572-73 (Fed. Cir. 1993). The Federal Circuit has held that to establish an off-Table injury, petitioners must "prove . . . that the vaccine was not only a but-for cause of the injury but also a substantial factor in bringing about the injury." *Shyface v. Sec'y of Health & Hum. Servs.*, 165 F.3d 1344, 1351 (Fed. Cir 1999). *Id.* at 1352. The received vaccine, however, need not be the predominant cause of the injury. *Id.* at 1351.

The Federal Circuit has indicated that petitioners "must show 'a medical theory causally connecting the vaccination and the injury'" to establish that the vaccine was a

3

substantial factor in bringing about the injury. *Shyface*, 165 F.3d at 1352-53 (quoting *Grant v. Sec'y of Health & Hum. Servs.*, 956 F.2d 1144, 1148 (Fed. Cir. 1992)). The Circuit added that "[t]here must be a 'logical sequence of cause and effect showing that the vaccination was the reason for the injury.'" *Id.* The Federal Circuit subsequently reiterated these requirements in its *Althen* decision. *See* 418 F.3d at 1278. *Althen* requires a petitioner

> to show by preponderant evidence that the vaccination brought about her injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury.

*Id.* All three prongs of *Althen* must be satisfied. *Id.*

Finding a petitioner is entitled to compensation must not be "based on the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." Section 13(a)(1). Further, contemporaneous medical records are presumed to be accurate and complete in their recording of all relevant information as to petitioner's medical issues. *Cucuras v. Sec'y of Health & Hum. Servs.*, 993, F.2d 1525, 1528 (Fed. Cir. 1993). Testimony offered after the events in questions is considered less reliable than contemporaneous reports because the need for accurate explanation of symptoms is more immediate. *Reusser v. Sec'y of Health & Hum. Servs.*, 28 Fed. Cl. 516, 523 (1993).

## Conclusion

To date, and despite ample opportunity, Petitioner has failed to provide preponderant evidence to support her allegation of a right shoulder injury that meets the definition for a Table SIRVA or was caused by a pneumococcal conjugate vaccine administered in April 2019 (or even the following year, as initially alleged). She has also failed to file a response to the third Order to Show Cause that I have issued in this case. ECF No. 40. On three occasions, Petitioner was informed that failure to provide preponderant evidence to support her claim would be treated as either a failure to prosecute this claim or as an inability to provide supporting documentation for the claim. ECF Nos. 31, 36, 40.

Accordingly, this case is DISMISSED for insufficient evidence and failure to prosecute. The Clerk of Court shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.